## Heiner v. Heiner.

*Affidavit of defense—Sufficiency of.*

1. An affidavit of defense is sufficient if it sets forth facts showing a substantial *prima facie* defense.

2. An affidavit of defense is not to be subjected to close technical examination as if it were a special plea demurred to.

Motion for want of a sufficient affidavit of defense. C. P. York Co., April T., 1927, No. 11.

*W. W. Van Baman,* for plaintiff and motion; *M. S. Niles,* contra.

STOCK, J., May 31, 1927.—Plaintiff's statement contains two causes of action. First, he claims to recover $300 which he alleges to have paid a third person on account of the consideration mentioned in an agreement to purchase real estate from said third person, which sum of money he alleges was subsequently appropriated by the defendant, his wife, and applied by her on account of the purchase price of the same real estate under a different agreement entered into subsequently between defendant and the same third person, which agreement was afterwards assigned by said third person to another.

Certain material allegations of this statement of cause of action are denied by the defendant in her affidavit of defense, and she further alleges: First, that plaintiff and defendant, as husband and wife, jointly entered into the original agreement as joint purchasers; secondly, plaintiff and defendant jointly paid the sum of $300 on account of the consideration of said agreement; and, thirdly, that the original agreement was rescinded owing to the mental illness of plaintiff and his inability to comply with his part of the agreement; and, fourthly, that the $300 paid on account of the original contract was mostly paid by defendant; and, lastly, that any equity plaintiff had had in the property by reason of payments made on account of said agreement had been lost by forfeiture for failure to comply with other terms of said agreement, which provided for stated instalment payments. This defense presents a clear issue of fact for determination by the trial court: First, as to who were the parties to the original contract; and, secondly, the respective rights of these parties under that contract.

The second cause of action is that the defendant sold an automobile belonging to plaintiff for the sum of $150, and appropriated said money to her own use. Defendant alleges that plaintiff did not own said automobile, and, hence, is not entitled to the proceeds of sale. Here again is a clear issue of fact for determination.

An affidavit of defense is sufficient if it sets forth facts showing a substantial *prima facie* defense. This was done in the instant case. The purpose of the pleadings in a case is to define the issue or issues to be determined by the trial court. This has been done sufficiently clearly. An affidavit of defense is not to be subjected to close technical examination as if it was a special plea demurred to.

And now, to wit, May 31, 1927, the motion for judgment for want of a sufficient affidavit of defense is overruled and dismissed.

From Richard E. Cochran, York, Pa.